**REISS, Plaintiff, v. GORDON, City Atty., Defendant.**

Ohio Appeals, Second District, Franklin County.

No. 4651.   Decided September 17, 1951.

Emile Reiss, Columbus, for plaintiff.
Richard W. Gordon, City Atty., Columbus, for defendant.

## OPINION

By THE COURT.

This is a demurrer to the petition on the following grounds:

1. The court has no jurisdiction of the subject of the action.

2. The plaintiff does not have legal capacity to sue.

3. The petition does not state facts which show a cause of action.

The petition reveals that the action is one in mandamus brought by Emile Reiss as a resident of the City of Columbus and a taxpayer thereof.  Although not separately stated and numbered, two causes of action are set forth, the first of which we shall designate as cause of action No. 1, which seeks an order compelling the defendant, Richard Gordon, as City Attorney for the City of Columbus, Ohio, to appear and defend in case No. 183,013, in the Common Pleas Court of Franklin County, Ohio, in which the City of Columbus is named as a defendant.

What we shall designate as a second cause of action sets forth that Richard Gordon, the defendant, is the duly elected City Attorney for the City of Columbus, Ohio; that in accord with Section 69 of the City Charter and §4308 et seq., GC, it becomes the duty of the said defendant to prosecute and defend for and on behalf of the City all complaints, suits and controversies in which the city is a party; that a written

demand was made upon the defendant to bring legal action against the Columbus Transit Company and the Southern Ohio Electric Company for damages to the city streets occasioned by the negligent, careless and improper operation of its busses, and that said demand was refused.

As to the first cause of action we are of the opinion that the demurrer is not well taken, for Section 69 of the said City Charter sets forth as one of the duties of the City Attorney that he is to defend the City against "all complaints, suits and controversies in which the city is a party." As to the first designated cause of action the demurrer will be overruled.

As to the second cause of action the question presented is whether or not a duty was imposed upon the City Attorney to institute the action requested by this plaintiff. Section 67 of the Charter of the City of Columbus provides that the City Attorney shall be the legal adviser and counsel for the city and all city offices and departments and that he shall prosecute all suits for and on behalf of the city.

Section 69 of said Charter provides:

"The city attorney shall prosecute or defend for and in behalf of the city, all complaints, suits and controversies in which the city is a party, and such other suits, matters and controversies relating to city affairs as he shall, by resolution or ordinance of council, be directed to prosecute or defend."

The petition does not allege that the City Council has by resolution or ordinance directed the City Attorney to prosecute a suit of the character requested by the plaintiff and in the absence of such an ordinance or resolution no duty or obligation was imposed upon the City Attorney to bring such an action. The type of action requested does not come within the purview of Sections 71, 72 and 73 of the City Charter and hence they are not applicable.

Section 74 of the City Charter provides when a taxpayer may institute a suit or proceedings in his own name on behalf of the city. This section does not confer such authority upon a taxpayer under the facts pleaded.

The demurrer to the designated second cause of action will therefore be sustained.

HORNBECK, PJ, WISEMAN and MILLER, JJ, concur.